UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| LIGHTHOUSE ENTERPRISES INC., a Barbados Company; BLUE MOUNTAIN Holdings LTD, a British Columbia Company; and 1326591 B.C. LTD, a British Columbia Company;<br><br>    Plaintiffs,<br>    v.<br><br>VIVA EXTREME, TJS SMOKE SHOP; GOLD DREAM DISTRIBUTION LLC; SMASH DISTRO; and JOHN DOES I-X,<br><br>    Defendants. | Case No. 4:23-CV-02999-GCH-AME<br><br>**JURY TRIAL DEMANDED** |

## ORDER GRANTING DEFAULT JUDGMENT AND PERMANENT INJUNCTION AS TO DEFENDANT SMASH DISTRO

The Court has considered Plaintiffs Lighthouse Enterprises Inc., Blue Mountain Holdings LTD, and 1326591 B.C. LTD's (collectively, "Plaintiffs") Motion for Default Judgment as to Defendant Smash Distro ("Defendant"). For the reasons stated therein, the Court hereby **ORDERS** that Plaintiffs' Motion for Default Judgment on Liability and Permanent Injunctive Relief as to Defendant Smash Distro be **GRANTED**.

The Court finds as follows:

That Defendant's actions constitute: (i) infringement of Plaintiffs' federally registered trademark, in violation of 15 U.S.C § 1114; (ii) unfair competition and false designation under 15 U.S.C. § 1125(a); (iii) trademark infringement and unfair competition under common law; (iv) false advertising under 15 U.S.C. § 1125(a)(1) and TEX. BUS. & COM. CODE 17.46 *et seq.*; and (v) intentional interference with existing and prospective business relationships.

That Defendant's actions were willful.

That Plaintiffs have established that they have suffered irreparable injury due to

Defendant's actions, that remedies available at law are inadequate to compensate for Plaintiffs' injury, that the injury to Plaintiffs outweighs any damage that an injunction might cause Defendant, and that the public interest would not be disserved by a permanent injunction.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED as follows:

The Court grants a permanent injunction pursuant to 15 U.S.C. § 1116, Fed. R. Civ. P. 65, and common law, permanently enjoining and restraining Defendant and its successors, officers, agents, employees, attorneys, and anyone acting in concert or participation with, or at the behest or direction of Defendant, directly or indirectly, from:

   a. using Plaintiffs' Trademark and/or anything similar thereto, both in name and in trade dress, in any fashion, as well as any trade dress identical or similar to the trade dress of the Infringing Products;

   b. performing or committing any other acts falsely representing products or services that are likely to cause confusion or mistake in the mind of the purchasing public, or to lead purchasers or the trade to believe that products or services come from, or are the products or services of, Plaintiffs, or are somehow sponsored by, associated with, affiliated with or connected with Plaintiffs, or that there is some relation, association, affiliation, or connection between Plaintiffs and Defendant;

   c. passing off, inducing, or enabling others to sell or pass off products or services as those of Plaintiffs;

   d. destroying, altering, erasing, transferring, or otherwise disposing of any evidence, including any electronically stored information or metadata relating to the use of the name "VIVAZEN" or Plaintiffs' Trademark from any computer, laptop, tablet, smartphone, or other device; and

   e. otherwise unfairly competing with Plaintiffs.

It is further ordered that Plaintiffs shall recover trademark statutory damages under 15 U.S.C. § 1117 from Defendant in the amount of $2,000,000.

It is further ordered that Plaintiffs shall recover attorney's fees from Defendant in an amount of $__$17,785.33._____.

Signed this 17th day of ___July____, 2024.

_____
The Honorable George C. Hanks, Jr.
United States District Judge

3